UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
THOMAS GESUALDI & FRANK FINKEL, as
Trustees of Local 282 International Brotherhood of
Teamsters Welfare, Pension, Annuity, Job Training
and Vacation/Sick Leave Trust Funds,

                     Plaintiffs,

    -against-

FRANK J. BATCHELDER TRANSPORTATION
LLC,

                   Defendant.
-----------------------------------------------------------------x

**ORDER**

10-CV-0320 (ENV) (JMA)

**VITALIANO, D.J.**

Plaintiffs, Thomas Gesualdi and Frank Finkel, as trustees of Local 282 International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation/Sick Leave Trust Funds, brought this action against defendant Frank J. Batchelder Transportation LLC, to recover delinquent fringe benefit contributions and associated statutory penalties pursuant to sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186.

Defendant was served with the complaint on February 8, 2010. After defendant failed to appear or otherwise respond to the complaint, plaintiffs moved for default judgment on April 21, 2010. On May 19, 2010, the Court granted plaintiffs' motion for default judgment and referred the action to Magistrate Judge Joan M. Azrack to conduct an inquest.

Following a review of the relevant submissions, Magistrate Judge Azrack issued a Report and Recommendation ("R&R") on August 5, 2010, recommending that judgment be entered

against defendant in the amount of $16,879.87, reflecting $705.32 in unpaid contributions, $1,236.16 in interest, $9,910.42 in liquidated damages, $528.37 in costs, and $4,499.60 in attorneys' fees. Judge Azrack further recommended that the Court deny plaintiffs' request for a permanent injunction. No objections to Judge Azrack's R&R have been timely filed.

In reviewing a report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Moreover, in order to accept a magistrate judge's report and recommendation where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F.Supp.2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985)).

After careful review of all the evidence in the record below, the Court finds Magistrate Judge Azrack's R&R to be correct, comprehensive, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R in its entirety as the opinion of the Court. Accordingly, for the reasons stated in the R&R, the plaintiffs are awarded $705.32 in unpaid contributions, $1,236.16 in interest, $9,910.42 in liquidated damages, $528.37 in costs, and $4,499.60 in attorneys' fees, for a total of $16,879.87. Additionally, the Court denies plaintiffs' request for a permanent injunction.

The Clerk is directed to enter Judgment and to close this case.

**SO ORDERED.**

Dated: Brooklyn, New York
November 3, 2010

ERIC N. VITALIANO
U.S.D.J.